REGAN, Judge
The plaintiff, Mrs. Julia Snider Bozarth, filed this suit against her husband, the *89 defendant, Emmett L. Bozarth, endeavoring to obtain a separation from bed and board predicated upon his cruel treatment of her. The plaintiff later amended the foregoing pleadings and therein requested alimony for her support.
Subsequently, a trial of the usual alimony rule occurred and a judgment was rendered in the plaintiff’s favor awarding her the sum of $400.00 per month. A new trial was granted limited to argument only, and the lower court reaffirmed its original decree.
Several weeks later the plaintiff filed a rule to increase her alimony, and thereafter, a judgment was rendered in her favor amending its prior judgment and awarding her $675.00 per month. In addition thereto, the lower court condemned the defendant to pay to the plaintiff the amount of $934.71 for medical expenses incurred by her as a result of a heart condition.
The defendant appealed devolutively from the alimony award and suspensively from that portion of the judgment condemning him to pay the sum of $934.71.
The record reveals that at the initial hearing the defendant emphasized that his income amounted to $544.90 per week. Predicated upon this testimony, the trial judge based his original award of $400.00 per month. Suffice it to say that at the trial of the second rule, counsel for the plaintiff introduced sufficient evidence, consisting of the defendant’s income tax return, which revealed that his earnings were in excess of $50,000.00 per year. Consequently, we are of the opinion that the lower court did not abuse its discretion in increasing the amount of the alimony from $400.00 to $675.00 per month.
The defendant finally insists that the lower court erred in awarding the sum of $934.71 to the plaintiff for medical expenses incurred by her after the trial of the first rule for alimony.
The record discloses that the plaintiff is afflicted with a rather serious heart condition, and that she obtained treatment therefor from the Ochsner Foundation Hospital.
However, the record also reveals that nowhere in her rule for alimony did the plaintiff request the rendition of a judgment for this amount. The evidence adduced herein does not reflect that this sum was required to be paid as an emergency measure, or as a condition precedent to induce her physicians to continue to treat her. Under these circumstances, there is no justification for the lower court’s award of medical expenses in conjunction with the decree for alimony.
The effect of such a judgment would be to afford preferential treatment to one creditor over the other creditors of the community. A matter of this nature must be reserved for consideration in the partition proceeding which will ultimately occur from a dissolution of the marriage existing between these litigants.
For the foregoing reasons, the judgment of the lower court is affirmed in so far as it awards alimony to the plaintiff in the amount of $675.00 per month. That part of the judgment awarding the plaintiff the sum of $934.71 is hereby reversed.
The defendant is to pay all costs of this appeal. All other costs incurred herein are to await a final determination hereof.
Affirmed in part and reversed in part.